IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALCHICO DEWAYNE GRANT,       )
                             )
            Petitioner,      )
                             )
    v.                       )        Civil Action No. 2:14cv682-WHA
                             )                    (WO)
UNITED STATES OF AMERICA,    )
                             )
            Respondent.      )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Alchico Dewayne Grant ("Grant") is before the court on a motion to vacate, set aside,

or correct sentence under 28 U.S.C. § 2255.  Doc. No. 2.[1]

# I.   INTRODUCTION

On September 14, 2011, Grant pled guilty under a plea agreement to five counts

charged in two indictments: one count of conspiracy to defraud the Government regarding

claims, in violation of 18 U.S.C. § 286; two counts of theft of Government money, in

violation of 18 U.S.C. § 641; one count of wire fraud, in violation of 18 U.S.C. § 1343; and

one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) and 2.[2]  The

plea agreement contained a waiver of Grant's rights to appeal and collaterally attack his

---

[1] References to document numbers ("Doc. No.") are to those assigned by the Clerk of Court
in this action.  Page references are to those assigned by CM/ECF.  References to exhibits ("Gov.
Ex.") are to those filed by the Government with its response (Doc. No. 9).

[2] The two indictments were returned in Case Nos. 2:10cr242-MEF and 2:11cr69-MEF.
Grant's guilty plea was entered in a single proceeding, and the plea agreement covered both cases.
He was sentenced in a consolidated proceeding.

convictions and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct.  Gov. Ex. 3 at 10-11.  Following a sentencing hearing on May 8, 2012, the district court sentenced Grant to a total term of 310 months in prison.

Despite his appellate waiver, Grant appealed.  On April 26, 2013, the appellate court dismissed his appeal based on the appellate waiver.  Gov. Ex. 8.

On July 15, 2014, Grant filed this motion for relief under 28 U.S.C. § 2255, asserting that his trial counsel rendered ineffective assistance by (1) misinforming him regarding the length of the sentence he would receive; (2) failing to advise him of the possibility of consecutive sentences; and (3) failing to investigate and challenge a prior state conviction for which he was assigned three criminal history points.  Doc. No. 2 at 4-7; Doc. No. 3 at 14-20.

Based on the court's consideration of the parties' submissions, the record, and the applicable law, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Grant's § 2255 motion should be denied.

## II.   DISCUSSION

### A.   General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited.  A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the

Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

## B.   Claims of Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks

and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### 1.    *Misinformation Regarding Length of Sentence*

Grant contends that his trial counsel, Bruce Maddox, rendered ineffective assistance by misinforming him regarding the length of the sentence he would receive. According to Grant, Maddox induced him to plead guilty by assuring him he would receive a sentence of no more than 15 years' imprisonment. *See* Doc. No. 2 at 4; Doc. No. 3 at 14-17.

In an affidavit addressing Grant's claim, Maddox states:

> [Grant claims] [t]hat I told him that [h]e would receive no more than fifteen years as a sentence. The only discussion of that range of punishment was after his initial arrest and it assumed substantial assistance to the government and a guilty plea with acceptance of responsibility. Unfortunately, he was later arrested for a new conspiracy undertaken while on pretrial release. I never subsequently gave him ANY estimate regarding his potential sentence because I believed he had lost acceptance of responsibility, had new charges which would add time to a sentence, and his efforts at cooperation and substantial assistance (if they ever really existed) were curtailed by his new arrest and subsequent detention.

Doc. No. 7 at 1-2.

The *Strickland* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A petitioner alleging ineffective assistance in this context must establish that counsel's performance was deficient (i.e., professionally unreasonable) and that counsel's deficient performance "affected the outcome of the plea process." *Hill*, 474 U.S. at 59. To establish prejudice, then, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would ... have pleaded [not] guilty and would ... have insisted on going to trial." *Id*. A mere allegation by a defendant that he would have insisted on going to trial but for counsel's errors is insufficient to establish prejudice; rather, the court will look to the factual

circumstances surrounding the plea to determine whether the defendant would have proceeded to trial. *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001); *United States v. Arvantis*, 902 F.2d 489, 494 (7th Cir. 1990); *see also Holmes v. United States*, 876 F.2d 1545 (11th Cir. 1989) (*Hill* does not require a hearing merely because a defendant asserts a claim of ineffectiveness of counsel when the record affirmatively contradicts the allegations).

The record does not support Grant's claim he was induced to plead guilty by erroneous assurances from Maddox regarding his sentence.  The transcript of the change of plea hearing reflects that the magistrate judge correctly advised Grant of the statutory maximum sentences applicable to his offenses and advised him that an aggravated-identity-theft conviction carries a mandatory term of two years to run consecutive to any other term of imprisonment.  Gov. Ex. 9 at 4, 9.  The written plea agreement set forth this same information.  Gov. Ex. 4 at 2-3.  The plea agreement contained no provision indicating a specific sentence to be recommended or imposed.  Grant stated under oath at the change of plea hearing that he and Maddox had reviewed and discussed the plea agreement together and that he understood its terms.  Gov. Ex. 9 at 7-8.  Grant also affirmed during the change of plea hearing that, other than the terms of the plea agreement, no one had made any promises or assurances to him to get him to plead guilty.  *Id*. at 7-8.  He further affirmed that he and Maddox had discussed how the advisory sentencing guidelines would apply in his case.  *Id*. at 10.  He acknowledged that he understood his sentence would be determined by

6

a combination of advisory guidelines, possible authorized departures from those guidelines, and other statutory factors and that the sentence ultimately imposed might differ from any estimate made by his counsel. *Id.* Finally, the written plea agreement signed by Grant contained a provision whereby Grant affirmed he understood his offense level and criminal history category, as calculated by the probation officer and determined by the court, might differ from any estimate made by his counsel. *Id.* at 19-20.

An inaccurate prediction about sentencing alone will generally not be sufficient to sustain a claim of ineffective assistance of counsel. *See United States v. Pease*, 240 F.3d 938, 940-41 (11th Cir. 2001) (rejecting ineffective assistance of counsel claim where the court warned the defendant during the plea colloquy that he may face a sentence higher than anticipated and informed defendant of statutory minimum and maximum). "[A] defendant [who] pleads guilty relying upon his counsel's best professional judgment ... cannot later argue that his plea was due to coercion by counsel." *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984).

Here, the plea agreement mentioned no specific sentence, other than to note the statutory maximums and how the sentence for aggravated identity theft would have to run consecutively. The magistrate judge informed Grant of these matters at the change of plea hearing. The magistrate judge also cautioned Grant that the sentence ultimately imposed might differ from any estimate made by Maddox. Grant also affirmed under oath that, other than the terms of the plea agreement, no one had made any promises or assurances to him to

get him to plead guilty.  Grant's sworn statements in open court that his guilty plea had not been induced by any promises or assurances outside the plea agreement – and his acknowledgment that he understood his sentence might differ from any estimates made by Maddox – undermine his present assertion that his guilty plea was induced by erroneous assurances from Maddox regarding the length of his sentence.  Further, his statement at the change of plea hearing that he discussed the plea agreement with Maddox and understood its terms contradicts his instant suggestion that Maddox did not explain the terms of the plea agreement to him.  "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).  "There is a strong presumption that the statements made during the [guilty plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).  Grant fails to overcome that presumption here.  Consequently, he is not entitled to relief based on this claim of ineffective assistance of counsel.

> **2.** ***Failure to Advise Regarding Possible Consecutive Sentences***

Grant also claims Maddox was ineffective for failing to advise him of the possibility the district court might impose consecutive sentences.  *See* Doc. No. 2 at 7; Doc. No. 3 at 19-20.

Grant's 310-month sentence comprised concurrent 120-month terms for each of Counts 1, 31, and 32, the conspiracy and theft-of-Government-money counts, in Case No. 2:10cr242-MEF, and consecutive terms of 166 months and 24 months, for Counts 19s and

32s, the wire-fraud and aggravated-identity-theft counts in Case No. 2:11cr69-MEF.  The

total 190-month term in Case No. 2:11cr69-MEF was ordered to run consecutively to the

total 120-month term in Case No. 2:10cr242-MEF.

In his affidavit addressing Grant's claim, Maddox states: "I clearly advised Mr. Grant,

in going over the presentence reports, of all options open to the Court in sentencing,

including consecutive sentences, particularly in light of consecutive conspiracies." *See* Doc.

No. 7 at 2.

In his § 2255 motion, the only consecutive term imposed by the district court about

which Grant specifically complains is the mandatory consecutive two-year term imposed

against him for aggravated identity theft under 18 U.S.C. 1028A(b).  *See* Doc. No. 3 at 19.

However, the written plea agreement specifically stated that an aggravated-identity-theft

conviction would carry a mandatory term of two years to run consecutive to any other term

of imprisonment, and the magistrate judge advised Grant of this same matter during the

change of plea hearing.  *See* Gov. Ex. 4 at 2-3; Gov. Ex. 9 at 4, 9.   Thus, Grant was clearly

informed that his sentence for aggravated identity theft would run consecutively.

Furthermore, at the change of plea hearing, the magistrate judge correctly advised Grant of

the maximum possible sentence for each count of conviction, thereby informing him of the

maximum possible penalty he faced.  *See Chua Han Mow v. United States*, 730 F.2d 1308,

1311 (9th Cir.1984) (rejecting claim that counsel was ineffective for failing to inform

petitioner of maximum possible sentence, which resulted from imposition of consecutive

sentences for the counts of conviction, where the district court informed the petitioner when pleading guilty of the maximum sentence for each count of conviction).

Even assuming that Grant maintains Maddox was ineffective for failing to advise him that the sentence imposed in Case No. 2:11cr69-MEF could run consecutively to the sentence in Case No. 2:10cr242-MEF, and even assuming (without finding) that Maddox did not advise Grant of this possibility, Grant has not established that he was prejudiced by Maddox's performance, because he has not made an adequate showing that he would have pled not guilty and insisted on going to trial if he had known of the possibility of consecutive sentences. *Hill*, 474 U.S. at 59-60. As the Government notes, at the time of his guilty plea, "Grant had been indicted twice for the same conduct, already confessed to the crime, been caught on videotape using debit cards in other peoples's name, and detained." Doc. No. 9 at 9. Grant "has not proffered even a hint of any defense, much less a suggestion that he could have succeeded had he gone to trial." *United States v. Farley*, 72 F.3d 158, 165 (D.C. Cir. 1995). In his affidavit, Maddox states, "it was clear ... Mr. Grant had no defense to the charges, particularly in light of the fact that he had essentially confessed before retaining me." Doc. No. 7 at 2. Several counts of the indictment naming Grant – including additional counts of aggravated identity theft – were dropped as part of the plea agreement. Had Grant gone to trial, he stood to be convicted on all counts in which he was named, not just the ones to which he pled guilty. Thus, he faced a substantially longer sentence if he went to trial and was convicted. Grant has not demonstrated that in light of the potentially longer sentence

10

and the strength of the Government's case, he would not have accepted a guilty plea and would instead have proceeded to trial if he was advised of the possibility of the imposition of consecutive sentences. Because Grant fails to establish prejudice resulting from Maddox's performance, he is not entitled to relief on this claim of ineffective assistance of counsel.

### 3. *Failure to Investigate and Challenge Prior State Conviction*

Grant contends that Maddox was ineffective for failing to investigate and challenge a prior state conviction for which he was assigned three criminal history points in the presentence investigation report and at sentencing. *See* Doc. No. 2 at 5; Doc. No. 3 at 17-18. According to Grant, he was improperly assigned three criminal history points for a 1993 Alabama controlled offense conviction for which he says he did not receive a sentence of imprisonment, but instead received only probation. *See* Doc. No. 3 at 17. He maintains that without the three points assigned to him based on the controlled substance conviction, his Criminal History Category would have moved down from Category III to Category II, resulting in a lower advisory guideline range under the sentencing guidelines.[3] *Id*.

Grant presents no factual support for this claim. At sentencing, the district court relied on the docket sheet from the state controlled substance case. *See* Gov. Ex. 7 at 44-46. The docket sheet reflected that Grant was sentenced to ten years in that case, with the sentence

---

[3] The sentencing guidelines provide for a two-point increase in a defendant's criminal history calculation for "each prior sentence of imprisonment exceeding one year and one month. U.S.S.G. § 4A1.1(a). "The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." U.S.S.G. § 4A1.2(b)(1). The commentary to § 4A1.2(b) explains that "[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence." U.S.S.G. § 4A1.2 comment. (n.2).

split to serve three years in prison followed by three years on probation.[4]  *Id*.  Grant has presented no records to contradict the docket sheet.  Consequently, he is not entitled to relief on this claim of ineffective assistance of counsel.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Grant be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before August 11, 2016.   A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

---

[4] *See also* Presentence Investigation Report, Gov. Ex. 5 at 21, ¶ 88.

Done this 28th day of July, 2016.

                          /s/Wallace Capel, Jr.
                         WALLACE CAPEL, JR.
                         UNITED STATES MAGISTRATE JUDGE